# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ORLANDO SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>FERNANDO CARVALLO, et al.,<br><br>    Defendants. | 5:23-cv-84 |

### ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant Defendants' Motions to Dismiss.  Dkt. No. 45.  Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.  Dkt. No. 46.  After considering new evidence that Plaintiff submitted with his Objections, I **SUSTAIN** Plaintiff's Objections and **DECLINE** to adopt the Magistrate Judge's Report and Recommendation.  Furthermore, for the following reasons, I **DENY** Defendants' Motions to Dismiss.

In the Magistrate Judge's Report and Recommendation, he recommended granting Defendants' Motions to Dismiss because Plaintiff did not exhaust his available administrative remedies.  Dkt. No. 45 at 11.  Defendants had shown that Plaintiff filed four grievances while he was housed at Ware State Prison related to the claims in Plaintiff's lawsuit.  Defendants attached Plaintiff's Georgia Department of Corrections Grievance History, which showed

all four of Plaintiff's grievances were denied. The Grievance History showed Plaintiff did not appeal any of these decisions. As the Magistrate Judge noted, Plaintiff asserted he had copies of grievance appeals he submitted to Ware State Prison but did not submit any copies of these appeals. Based on an affidavit from the Grievance Coordinator at Ware State Prison and Plaintiff's Grievance History, the Magistrate Judge determined Defendants had carried their burden to show Plaintiff did not exhaust his available administrative remedies.

Plaintiff objects to the Report and Recommendation, arguing he did exhaust his administrative remedies. Plaintiff attached receipts of Grievance Numbers 346786 and 350342 and their respective appeals to his Objections. Dkt. No. 46 at 4, 6. Plaintiff argues that Defendants incorrectly stated he never filed an appeal to any of his grievances. Id. at 1.

For Grievance Number 350342, Plaintiff shows he filed both the grievance and an appeal. Plaintiff's grievance copy shows it was received by Ware State Prison on March 17, 2023. Id. at 5. Plaintiff's grievance appeal receipt shows he submitted an appeal to a counselor on April 26, 2023. The receipt is signed by the counselor who received Plaintiff's appeal. Id. at 4.

Plaintiff's Georgia Department of Corrections Grievance History, upon which Defendants relied, identifies Grievance Number 350342. Dkt. No. 28-4 at 1. The Grievance History shows that

2

Grievance Number 350342 was denied on April 24, 2023. Id. at 1. The Grievance History shows no record of an appeal.

Plaintiff's recently submitted documents show that he filed an appeal to Grievance 350342 two days after it was denied. Therefore, Plaintiff properly appealed his grievance. Defendants have shown no records of Plaintiff's appeal or a response. Based on the evidence, Plaintiff has shown he has fully exhausted his administrative remedies.

Similarly, for Grievance Number 346786, Plaintiff shows he filed both the grievance and the appeal. Plaintiff's grievance copy shows it was received by Ware State Prison on December 10, 2022. Dkt. No. 46 at 8. Plaintiff's grievance appeal receipt shows he submitted an appeal to a counselor on January 27, 2023. Id. at 6. The receipt is signed by the counselor who received Plaintiff's appeal.

Again, Plaintiff's Grievance History shows records of Grievance Number 346786. The Grievance History shows Grievance Number 346786 was denied on January 24, 2023. Dkt. No. 28-4 at 1. The Grievance History shows no record of an appeal.

Plaintiff's receipts show he filed an appeal to Grievance 346786 three days after it was denied. Therefore, Plaintiff properly appealed his grievance. Defendants did not provide evidence of Plaintiff's appeal or a response. Based on this newly

3

submitted evidence, Plaintiff has shown he has fully exhausted his administrative remedies.

Plaintiff filed his last Central Office appeal on April 26, 2023. The Standard Operating Procedures state the Central Office has 120 days to deliver a decision to the offender. Dkt. No. 28-3 at 15. The Central Office had until August 24, 2023, to respond to Plaintiff's appeal. Nothing indicates the Central Office responded to Plaintiff's appeal by that date. Plaintiff signed his Complaint on August 27, 2023, and it was received on September 5, 2023. Therefore, Plaintiff filed suit after the time the Central Office should have provided a response to his appeal. All Plaintiff was required to do was file a grievance and an appeal of the denial of his grievance. See Williams v. Cornell Corr. of Ga., No. CV506-047, 2007 WL 2317633 (S.D. Ga. Aug. 10, 2007) (determining plaintiff exhausted his administrative remedies prior to filing his complaint when he filed an appeal and awaited a response for the required time).

After an independent and de novo review of the entire record, and considering the new evidence that Plaintiff submitted with his Objections, I **SUSTAIN** Plaintiff's Objections and **DECLINE** to adopt the Magistrate Judge's Report and Recommendation. Furthermore, I **DENY** Defendants' Motions to Dismiss. Plaintiff has now demonstrated that he has exhausted his administrative remedies prior to filing his Complaint, and Plaintiff's claims against

4

Defendants will proceed. I **LIFT** the stay in this case and **DIRECT** the Clerk of Court to issue a Scheduling Notice, using the date of this Order as the beginning date for the parties' deadlines.

**SO ORDERED**, this 25 day of March, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA