**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| ORLANDO SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-84 |
| v. | |
| FERNANDO CARVALLO, et al., | |
| Defendants. | |

**O R D E R**

Defendants filed motions for summary judgment.  Docs. 78, 80.  Plaintiff filed a

"Response in Opposition to Defendants Cox, Jones, and Odums Motion for Summary Judgment,

Cross-Motion for Leave to Amend Complaint, and Request for Discovery Under Rule 56(d)" and

a "Response to Court Order and Notice of Filing Attachment B."  Doc. 87.  In this Order, I

address Plaintiff's request for permission to amend his Complaint and his request for the Court to

defer ruling on the motions for summary judgment and to allow more discovery.  Defendants

Cox, Odum, and Jones (the "Facility Defendants") filed a Response in opposition to both

Motions.  Doc. 89.  Plaintiff then filed a proposed amended complaint and declaration in support

of his Rule 56(d) motion.  For the reasons stated below, I **DENY** Plaintiff's Motions, doc. 87.

**I.      Motion to Amend**

Plaintiff requests leave to amend under Federal Rule of Procedure 15(a)(2) to add

additional claims.[1]  Doc. 87 at 4–5.  Plaintiff did not provide a proposed amended complaint.

---

[1]      When the Court stayed this case, Plaintiff had 45 days remaining to move to amend his
Complaint.  See Docs. 48, 51.  When Defendants Cox, Jones, and Odum filed an unopposed motion
asking the Court to lift the stay and set new deadlines, they did not ask for a new deadline for motions to

Rule 15(a)(2) specifies that a party may amend his pleading with the opposing party's written consent or the court's leave and provides that "[t]he court should freely give leave when justice so requires." Unless a substantial reason supports denying the motion to amend—such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility—the interests of justice require that courts grant leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Facility Defendants oppose Plaintiff's Motion to Amend. The Facility Defendants argue that Plaintiff's proposed amendment is futile, lacks good cause, would cause undue prejudice and delay, and is made in bad faith and with dilatory motive. Doc. 89 at 3–8.

I deny Plaintiff's Motion because of the potential for undue prejudice to Defendants and Plaintiff's lack of diligence. Plaintiff does not state that he was unaware of the facts underlying his proposed claims when he filed his original Complaint. Plaintiff also does not explain why he waited to assert these claims over two and a half years after filing his initial Complaint, more than a year after the deadline for amending pleadings, and months after discovery has closed. Allowing Plaintiff to allege new claims at this late date risks prejudice to Defendants and would require reopening discovery and delaying the disposition of the case. Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003) (finding no abuse of discretion in denying leave to amend sought on the last day of the discovery period because it "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the non-movant, and] . . . there [was] no good reason why [the movant] could not have made the motion earlier."); see also Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) ("Prejudice is likely to exist if the

---

amend or add parties; thus, the Court did not set one. See Docs. 74, 75. Because of this uncertainty, I deem Plaintiff's Motion to be timely filed.

amendments involve new theories of recovery or would require further discovery.").

Additionally, Plaintiff has failed to offer any reason why he did not, or could not, assert these

claims much earlier in the litigation.  Therefore, I **DENY** Plaintiff's Motion to Amend.  I decline

to address Defendants' other arguments.

## II.      Motion to Defer or Deny Summary Judgment

Plaintiff also moves under Federal Rule of Civil Procedure 56(d), arguing that the Court

should deny or defer its ruling on Defendants' motion for summary judgment until he conducts

additional discovery.  Doc. 87 at 2–3.  The Facility Defendants responded in opposition.

Doc. 89.

Under Rule 56(d), "the court may (1) defer considering the motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate

order."  "Summary judgment is premature when a party is not provided a reasonable opportunity

to discover information essential to his opposition."  Smith v. Fla. Dep't of Corr., 713 F.3d 1059,

1064 (11th Cir. 2013) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 250 n.5 (1986)).

"Nevertheless, the discovery rules do not permit the [parties] to go on a fishing expedition."

Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006).  "Whether to grant or deny a Rule 56(d)

motion for discovery requires the court to balance the movant's demonstrated need for discovery

against the burden such discovery will place on the opposing party."  Garner v. City of Ozark,

587 F. App'x. 515, 518 (11th Cir. 2024) (cleaned up).  "In qualified immunity cases, the Rule

[56(d)] balancing is done with a thumb on the side of the scale weighing against discovery."

Harbert v. Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998).

Plaintiff fails to satisfy Rule 56(d)'s requirements for multiple reasons.  First, Plaintiff

fails to state with particularity the facts he expects to discover and how those facts would create a

3

genuine issue of material fact.  The moving party must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts[]'[;] rather[,] the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." Williams-Evans v. Advance Auto Parts, No. CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (quoting Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843–44 (11th Cir. 1989)).  At most, Plaintiff describes generalized topics he intends to explore, such as the Georgia Department of Corrections' health services contract, standard operating procedures, and disciplinary rules.  Doc. 83 at 3; Doc. 90 at 9.  But Plaintiff does not assert precisely how any of this information this would support his opposition to Defendants' specific summary judgment arguments, noting only that the documents at issue might impose "oversight duties" on some Defendants, might show if a policy were violated, or might show if some Defendants were private contractors.  Doc. 83 at 3. Plaintiff's failure to specifically explain his need for this information weighs against allowing further discovery.  Moreover, the Facility Defendants argue that qualified immunity shields their conduct, doc. 78 at 20–22, and there is no indication Plaintiff needs additional evidence to respond to that argument.

Second, Plaintiff had the ability to seek discovery earlier and could have asked the Court to extend the discovery period.  "[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery." Cordero v. Readiness Mgmt. Support, LLC., Case No. 6:11-cv-1692, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) (citing Barfield v. Brierton, 883 F.2d 923, 932 (11th Cir. 1989)).  Plaintiff states that he had no opportunity to pursue discovery, but he fails to explain what prevented him from

doing so.  To the contrary, at one point in the litigation, Plaintiff moved to obtain discovery materials.  Doc. 61.  The Court denied that motion as premature because Plaintiff had not served any discovery requests on Defendants before filing the motion.  It appears that Plaintiff did not send any discovery requests after the Court's Order.  Doc. 89 at 2.  Plaintiff also failed to ask for any extension to the discovery schedule or to respond to Defendants' motion asking the Court to lift the stay in this case and enter a new discovery schedule.  Ultimately, Plaintiff has not shown that he served any discovery requests during the discovery period or attempted to seek more time to do so.  Thus, I **DENY** Plaintiff's Rule 56(d) Motion.

### CONCLUSION

For the reasons stated above, I **DENY** Plaintiff's Motions.  Doc. 87.

**SO ORDERED**, this 13th day of July, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA